IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MARK HUCKABY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-299(MTT) |
| | ) |
| **TRAVELERS PROPERTY CASUALTY** | ) |
| **COMPANY OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on Defendant Travelers Property Insurance Company's Motion for Summary Judgment. (Doc. 17). For the following reasons, the Motion is **GRANTED** in part and **DENIED** in part.

### I.  PROCEDURAL AND FACTUAL BACKGROUND

This action involves a homeowner's insurance policy issued by the Defendant, Travelers Property Insurance Company. The Plaintiff, Mark Huckaby, seeks coverage under the Policy for damages resulting from a fire occurring on July 15, 2009, at a house located at 479 Huckaby Road, Thomaston, Georgia. The Policy provides coverage for "the dwelling on the residence premises shown in the Declaration used principally as a private residence…." (Doc. 27-1 at 10). The "residence premises" is further defined as "mean[ing] the one or two family dwelling, other structures, and grounds *or* that part of any other building where you reside and which is shown as the 'residence premises' in the declaration." (Doc. 27-1 at 10) (emphasis added). No provision of the Policy requires the residence premises be the insured's exclusive or

only residence; instead, it only requires that the location be used principally as a private residence.  (Doc. 27-1).  The Policy also includes coverage for "Loss of Use" of the residence premises.  The loss of use provision of the Policy allows for recovery of "additional living expenses" and "fair rental value."  (Doc. 27-1 at 12).  The additional living expenses section provides,  "[i]f a loss covered under this Section makes the residence premises uninhabitable, we cover any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living."  (Doc. 27-1, pg. 12).  The fair rental value section provides, "[i]f a loss covered under this section makes that part of the *residence premises rented to others or held for rental by you* uninhabitable, we cover its fair rental value" and contains other language relating to recovery of rental value if the residence premises is held out for rental by the insured.  (Doc. 27-1, pg. 12) (emphasis added).  The Policy does not contain generally applicable provisions requiring the residence premises to be occupied at the time of loss or a vacancy exclusion disallowing coverage if the residence premises is vacant.[1]

The Plaintiff bought the Huckaby Road house, which is listed on the Policy Declaration page, from his parents in or around 1992.  (Plaintiff Dep. 64:1-11).  He lived in the house until he married Maria Huckaby in November 2005.  After marrying, the

---

[1] The Court notes that there is a specific vacancy restriction within a paragraph discussing recovery for "Glass or Safety Glazing Material."  (Doc. 27-1 at 14).  There is also a specific vacancy exclusion and occupancy requirement from frozen pipe damage, unless specific precautions have been taken by the insured to guard against those types of accidents.  (Doc. 21-1 at 15,16).  However, both of these provisions apply only to a particular type of loss.  Moreover, similar exclusions have been discussed in the Georgia court cases interpreting various "residence premises" definitions and have not been considered a dispositive factor in the residences premises analysis. *See Grange Mutual Casualty Co. v. Demoonie*, 227 Ga. App. 812, 814, 490 S.E.2d 451, 453 (1997).

Plaintiff continued to live in his house while remodeling her house, which is located at 444 Twinwood Street in Thomaston.  According to the Plaintiff, he and his wife agreed that they would live in the Huckaby Road house and sell her house because the Twinwood house had a larger mortgage.  There were also times when the Plaintiff lived at the Twinwood house and did work on the Huckaby Road house.  (Plaintiff Dep. 62-63).

At the end of 2007 or the beginning of 2008, the Plaintiff, his wife, and his children moved from the Huckaby Road house to the Twinwood house.  The Plaintiff planned on "gutting" the two bathrooms, replacing floors, and doing other "demolition[s] and [] repairs to the Huckaby Road Residence."  (Transcript of Examination under Oath of the Plaintiff at 60).  In May 2008, the Plaintiff's wife was hospitalized, and around July 2008, the Plaintiff's friend, Jeff Robinson, moved into the Huckaby Road house.  The Plaintiff alleges Robinson was one of his closest friends and that he let Robinson stay temporarily at the Huckaby Road house as a favor.  The Plaintiff stated, "when [Robinson] come back and started helping me finish remodeling. I mean that's -- when we moved our stuff from the Huckaby Road residence over to my wife's residence to do the remodeling and stuff, I cut the water off because there was no need of no water service when I was re-gutting the showers and the toilets and redoing the bathroom floors…and [I] also cut the electricity off because I was not going to pay – I could not afford electricity in both houses….  I would work at one house and work on Huckaby Road and then when it come down to the time that I had a job, I would put it off."  (Transcript of Examination under Oath of the Plaintiff at 86-87).

The Defendant contends that the Plaintiff was not living at the Huckaby Road house, and that he was renting the Huckaby Road house to Robinson. The Defendant points to the fact that the Plaintiff, in 2007, reported $5,400 of "Rents Received" on his tax return. (Doc. 17-15 at 9). Based on those contentions, the Defendant argues the Huckaby Road house could not have been the Plaintiff's residence premises.

On July 25, 2009, while the Plaintiff and his family were primarily living at the Twinwood house, a fire occurred at the Huckaby Road house.[2] Northside Fire and Rescue responded to the fire alarm and in its business report relating to the fire recorded, "[d]ue to heat, smoke, and water damage residence was basically totally destroyed." (Doc. 17-20). The Plaintiff then filed an insurance claim for the "fire loss" of the Huckaby Road house pursuant to the Policy he had with the Defendant. After an investigation, on March 10, 2010, the Defendant denied the Plaintiff's claim because "[the] Plaintiff was not using the Property as his residence premises at the time of the fire…as required for coverage to exist under the Policy." (Doc. 17-2 at 2). Following the Defendant's denial of coverage, the Plaintiff filed this suit on July 14, 2010.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment must be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material facts and that the movant is entitled to judgment as a matter of law. Fed.

---

[2] The Court recognizes that the Defendant contends the Plaintiff had not stayed at the Huckaby Road house in over a year, while the Plaintiff contends "he can use said property as his residence without physically sleeping there 365 nights per year." (Doc. 27 at 2). The Plaintiff also contends he did stay at the Huckaby Road house a few times during 2008-2009; however, this factual dispute is irrelevant to the Court's decision on the Motion.

R. Civ. P. 56(c).  "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)).  Further, the burden rests with the moving party to prove that no genuine issue of material fact exists.  *Info Sys. & Networks Corp.*, 281 F.3d at 1224.  The district court must "view all evidence in the light most favorable to the nonmoving party, and resolve all reasonable doubts about the facts in its favor." *Id.*

### III. DISCUSSION

**A.    Residence Premises**

The Defendant contends that the Policy required the Plaintiff to live at the Huckaby Road house at the time of the fire in order for the property to be his "residence premises."  Thus, according to the Defendant, because the Plaintiff did not live at the Huckaby Road house, his claim is not covered by the Policy.  The Defendant argues that the Plaintiff was renting the residence to Robinson.  Therefore, the Defendant asserts, the Huckaby Road house cannot be covered under the Policy's residence premises definition.  The Plaintiff contends that he did not have to continuously reside at the Huckaby Road house in order for it to be his residence premises and further alleges that there is no provision in the Policy to that effect.  (Doc. 27 at 2).  Moreover, the Plaintiff claims that "the [P]olicy does not prevent the [P]laintiff from using as his residence both the subject property and the house owned by his wife."  (Doc. 27 at 3).

"'In construing an insurance policy, [t]he test is not what the insurer intended its words to mean, but what a reasonable person in the position of the insured would understand them to mean…. Where a provision in the policy is susceptible to two or

more constructions, the court[] will adopt that construction which is most favorable to the insured.'" *Hill v. Nationwide Mutual Fire Insurance Co.*, 214 Ga. App. 715, 715, 448 S.E.2d 747, 747-48 (1994) (quoting *Atlantic Wood Indus. v. Lumberman's Underwriting Alliance*, 196 Ga. App. 503, 505, 396 S.E.2d 541, 543 (1990) (internal citation omitted)). Additionally, an insurance contract should be examined as a whole when the court is attempting to construe any portion within the contract. *Edwards v. Atlantic Insurance Co.*, 203 Ga. App. 608, 609, 417 S.E.2d 410, 412 (1992). An interpretation of a contract that will uphold a contract in whole and in every part is preferred, and the whole contract should be looked to in arriving at the construction of any provision. *Alea London Ltd. v. American Home Servs., Inc.*, 2011 WL 1437003, at *3 (11th Cir. 2011). However, if, by the language of the contract, no coverage exists, "we will not…extend coverage where none was contracted or intended." *Jefferson Insurance Co. of New York v. Dunn*, 269, 213, 496 S.E.2d 696, 699 (1998). Thus, "[p]olicies of insurance will be liberally construed in favor of the object to [be] accomplished, and conditions and provisions therein will be strictly construed against the insurer, as they are issued upon print forms, prepared by experts at the insurer's instance, in the preparation of which the insured has no voice." *Davis v. United American Life Insurance Co.*, 215 Ga. 521, 527, 11 S.E.2d 488, 492 (1959) (internal quotations omitted).

      Unlike many standard insurance policies and terms, "residence premises" is worded differently in various homeowner's insurance policies, and the precise meaning of the term has been a frequent subject of litigation in Georgia courts. Generally, the definitions of "residence premises" have small differences, such as order of words, use of conjunctives, rather than of disjunctives, and placement of punctuation. While these

differences may seem insignificant, they have a determinative effect on a court's interpretation of "residence premises."

In *Epps v. Nicholson*, 187 Ga. App. 246, 370 S.E.2d 13 (1988), the court held that the residence premises clause precluded recovery by the plaintiff for a house that was, and always had been, a rental unit. *Id.* at 246, 370 S.E.2d at 13-14.[3] Further, in *Georgia Farm Bureau Mutual Insurance Co. v. Kephart*, 211 Ga. App. 423, 439 S.E.2d 682 (1993), the court interpreted the insurance policy, which required that the residence premises be the insured's *exclusive* residence, to preclude coverage when the plaintiff did not reside at the house that was named on the policy's declaration page. *Id.* at 424-25, 439 S.E.2d at 683-84 (emphasis added). Moreover, in *Grange Mutual Casualty Co. v. DeMoonie*, 227 Ga. App. 812, 490 S.E.2d 451 (1997), a case the Defendant heavily relies on, the policy defined the "residence premises" as "the one or two family dwelling where you reside including the building, the grounds and other structures…." *Id.* at 813, 490 S.E.2d at 453. The court in *Demoonie* found "where you reside" clearly modified the adjacent phrase "one or two family dwelling." *Id.*, 490 S.E.2d at 453; *See also Mahens v. Allstate Insurance Co.*, 2011 WL 1321578 (N.D.Ga. April 1, 2011) (discussing the policy's residence premises definition in *Demoonie* and illustrating the importance of how the definition is worded when determining whether an insured must live at the insured location). Thus, the court in *Demoonie* found that the policy did not

---

[3] Although the residence premises clause in *Epps* is similar to the residence premises clause here, the facts vary greatly. Not only had the insured location always been a rental house, the plaintiff had always used another house as her residence, and there is no indication that the policy in *Epps* contained a "Loss of Use" provision relating to the residence premise's fair rental value. *See Epps*, 187 Ga. App. 246, 370 S.E.2d 13 (1988).

provide coverage under that definition of residence premises because the plaintiff had moved from the home, rented it for a few months, and was about to re-rent the house at the time of the fire.  *Id.* at 814, 490 S.E.2d at 453.

Neither party cites to one of the leading Georgia cases on this issue – *Hill v. Nationwide Mutual Fire Insurance Co.*, 214 Ga. App. 715, 448 S.E.2d 747 (1994).  *Hill* and other cases addressing the interpretation of "residence premises" are discussed in detail in a recent Northern District of Georgia case, *Mahens v. Allstate Insurance Co.*, 2011 WL 1321578 (N.D.Ga. April 1, 2011).  In *Hill*, the court held that the definition of residence premises in the insurance policy did not require the insured to live in the residence premises.  *Mahens*, 2011 WL 1321578 at *3; *Hill*, 214 Ga. App. at 717, 448 S.E.2d at 748.  The policy in *Hill* provided coverage for "the dwelling on the residence premises."  *Hill*, 214 Ga. App. at 715, 448 S.E.2d at 747.  A residence premises was further defined as "the one or two-family dwelling, other structures and grounds; *or that part of any other building where you live*, shown as the residence premises on the Declarations."  *Id.*, 448 S.E.2d at 747 (emphasis added).  The court noted that the definition of residence premises covered both family dwellings and parts of other buildings "where you live."  *Id.* at 716, 448 S.E.2d at 748.  The court reasoned that "where you live, without any intervening punctuation, [was] only intended to modify 'that part of any other building.'"  *Id.* at 717, 448 S.E.2d at 749.  Therefore, the policy in *Hill* covered the one or two-family dwellings regardless of whether the insured lived there.  *Id.*, 448 S.E.2d at 749.

Although neither the Defendant nor the Plaintiff bring *Hill* or *Mahens* to the Court's attention, the Court finds *Hill*, and *Mahen*'s recent interpretation of *Hill*

persuasive.[4]  Here, "residences premises" is defined in the Policy as "mean[ing] the one or two family dwelling, other structures, and grounds *or that part of any other building where you reside and which is shown as the 'residence premises' in the declaration*." (emphasis added).  As in *Hill*, the definition in this policy requires the interpretation that, without any intervening punctuation, "where you live" is intended to modify only "that part of any other building," allowing a residence premises to also be the one or two family dwellings listed in the Policy declaration.  Punctuation, or lack thereof, is an important indicator of meaning in insurance contract interpretation.  *Hill*, 214 Ga. App. at 716, 448 S.E.2d at 748.  Further, the Policy's use of the disjunctive, "or," to connect the phrases "the one or two family dwelling, structures, and grounds" and "that part of any other building where you reside" requires this Court to interpret "where you reside" as modifying only "that part of any other building."  No provision of the Policy requires the residence premises be the insured's exclusive or only residence.  Instead, it only requires that the location be used principally *as a* private residence.  Thus, a residence premises can be the "one or two family dwelling, structures, and grounds" irrespective of whether the insured actually lives on the property at the time of the loss.

Moreover, the Policy specifically contemplates that the residence premises can be rented and, if it is, provides additional coverage for losses suffered in that event.

---

[4] The court in *Mahens* eventually concludes the policy in that case is distinguishable from *Hill*, because in *Mahens*, residence premises was defined as "a one, two…building structure, identified as the insured property on the Policy Declarations, where you reside and which is principally used as a private residence." 2011 WL 1321578 at * 3. The court in *Mahens* noted that in *Hill* the definition included other separate terms besides just the "one or two family dwelling" in its definition such as other building, structure, and grounds. *Id.*  Thus, the court found that policy's definition was more akin to *Demoonie*'s rather than *Hill*'s. *Id.*

First, "if a loss covered under this section makes that part of the residence premises rented to others or held for rental by you [the insured] uninhabitable, we cover its fair rental value." (Doc. 27-1 at 12). Second, the Policy provides coverage for medical payments to others if the insured premises is held out for rental "on an occasional basis if used only as a residence," but does not allow for coverage for medical payments if the insured premise is continuously held out for rental by the insured. (Doc. 27-1 at 23). Further, the Policy provides recovery of personal property in the event of theft, so long as the loss caused by theft is not "committed by any insured, *or any person renting the residence premises*." (Doc. 28-1 at 17). Thus, the Policy clearly provides coverage when an insured is renting the residence premises.[5] Consequently, the Court cannot conclude that in *this Policy*, the definition of residence premises requires the insured to live at the location at the time of the loss.

Accordingly, to the extent that the Defendant claims it is entitled to summary judgment on the ground that the home was used as rental property or that the Plaintiff did not live at the home and therefore it is not the Plaintiff's residence premises under the Policy, the Motion is DENIED.

---

[5] Neither party calls to the Court's attention the Policy's coverage for loss of use when a residence premises is rented or any other additional coverage contemplating the rental of the premises. This is not something the Court should have to find on its own. If for some reason known to the Defendant, these provisions can be reconciled with the Defendant's contention that the residences premises cannot be rented and must be lived in by the insured—it was the Defendant's responsibility to bring that to the Court's attention. Why the Plaintiff would not rely heavily on these provisions is a mystery.

**B.     The Plaintiff's Claim for Additional Living Expenses**

The Plaintiff's complaint also contains a claim for loss of living expenses in the amount of $20,000.  (Plaintiff Comp. ¶ 9).  The Defendant alleges that the Plaintiff did not suffer any increase of his normal living expenses as a result of the fire at the Huckaby Road house.  (Doc. 17-1 at 10-11).  The pertinent portion of the Policy provides, under the "Loss of Use" provision, that "[i]f a loss under this Section makes the residence premises uninhabitable, we cover any necessary increase in living expenses incurred by you so that your household can maintain its normal standard of living.  Payment shall be for the shortest time required to repair or replace the premises or, if you permanently relocate, the shortest time required for your household to settle elsewhere."  (Doc. 27-1 at 12).

The Defendant alleges that the undisputed evidence in this case shows that the Plaintiff did not suffer any increase in his normal living expenses, because the Plaintiff admits he was not continuously living at the Huckaby Road house prior to the fire.  According to the Plaintiff, he moved into a camper behind his father's house after the fire in order to do work on the Twinwood house, and, after a few days, he and his family moved back to the Twinwood house.  (Plaintiff Dep. 21-22).  Moreover, in his deposition, the Plaintiff clearly states that he did not incur any additional living expenses after the fire at the Huckaby Road house.  (Plaintiff Dep. 57:13-18).

The Plaintiff did not respond to this argument by the Defendant.  Regardless, the Court finds that there is no factual dispute as to whether the Plaintiff incurred additional living expenses.  There is no evidence, besides the allegation in his complaint, to support the contention that the Plaintiff incurred any additional living expenses following

-11-

the fire. Accordingly, the Defendant is entitled to summary judgment on the Plaintiff's claim for $20,000 in additional living expenses.

**C.     Georgia's Valued Policy Law's Applicability**

In his complaint, the Plaintiff seeks to recover the entire $107,000, which is the Policy limit, for the fire loss on the Huckaby Road house.[6] (Plaintiff Comp. ¶ 9). The Plaintiff contends that the Huckaby Road house "looks" as if it has been "completely demolished." (Plaintiff Dep. 42:9-10). Further, he states that "two-thirds of the house has the walls standing. On the backside on the master bedroom…all those walls are gone. You can see straight through the house." (Plaintiff Dep. 42-43). Thus, it appears that the Plaintiff is claiming Georgia's Valued Policy Statute, O.C.G.A. § 33-32-5, applies to him. The Defendant, however, argues that the statute does not apply to the Plaintiff's claim.

Georgia's Valued Policy Statute provides: "Whenever any policy of insurance is issued to a natural person or persons insuring a specifically described one or two family residential building or structure located in this state against loss by fire and the building or structure is wholly destroyed by fire without fraudulent or criminal fault on the part of the insured or one acting in his behalf, the amount of insurance set forth in the policy

---

[6] In the Defendant's Motion, its Statement of Material Facts, and throughout the discovery materials, the Defendant contends that "[d]espite the denial of [the] Plaintiff's claim, [the] Defendant issued full payment to the loss mortgagee, BAC Home Loan Servicing, LLP, for the remaining balance of [the] Property's mortgage, totaling $46,094.88 as required under the terms of the [P]olicy." (Docs. 17, 29). Even though this fact is mentioned in the Motion and Statement of Material Facts, neither party addresses any relevance of this fact to any issue involved in the Motion. Thus, the Court will not address this payment directly, but simply state that its assumption is that the Defendant intends, if needed, to argue that any amount awarded to the Plaintiff should be set off by the insurer's payment to the mortgagee. *Nationwide Mutual Fire Insurance. Co. v. Wiley*, 220 Ga. App. 442, 442, 469 S.E.2d 302, 303 (1996).

relative to the building or structure shall be taken conclusively to be the value of the property…." O.C.G.A. § 33-32-5(a). It is clear that the statute protects property owners from the burden of proving the value of the property after it has been "wholly destroyed" by fire, thus entitling a property owner to recover the policy limit. *See id.* However, this provision does not apply if the "building or structure is not wholly destroyed by fire." O.C.G.A. § 33-32-5(b)(1).

The Defendant admits that Georgia courts have not elaborated a specific test to determine when a dwelling has been wholly destroyed. However, the Defendant cites an Arkansas law review article, an insurance treatise, and an 1898 Wisconsin state case to support its contention that "there cannot be a total loss so long as a remnant of the structure standing is reasonably adaptable for use as a basis upon which to restore the building to its former condition." (Doc. 17-1 at 13). The Court does not find these sources controlling and, instead, looks to two Georgia Court of Appeals cases interpreting Georgia's Valued Policy Statute for guidance.[7]

First, in *Georgia Farm Bureau Mutual Insurance Co. v. Brown*, 192 Ga. App. 504, 385 S.E.2d 87 (1986), the court reviewed a trial court's denial of an insurer's motion for judgment notwithstanding the verdict, when a jury rendered a verdict allowing the plaintiff to recover the policy limits when a fire "destroyed" his house. *Id.* at 504, 385 S.E.2d at 87-88. The court stated that the "[p]laintiff's evidence showing that it would cost more to repair the house than to replace it and photographs submitted into evidence [by the defendant] showing that the house was substantially gutted by the fire

---

[7] The Plaintiff fails to cite any sources in its Response, but merely states "it is a jury question as to whether the dwelling was wholly destroyed by fire." (Doc. 27 at 4).

was sufficient to authorize the jury's finding that the house was 'wholly destroyed by fire' as contemplated in [O.C.G.A. § 33-32-5]." *Id.* at 507, 385 S.E.2d at 90.  Further, in *Allstate Insurance Co. v. Baugh*, 173 Ga. App. 615, 327 S.E.2d 576 (1985), the insurer alleged that the trial court erred in charging the jury on O.C.G.A. § 33-32-5 and the statute's effects on recovery, on the ground that such a charge was not authorized by the evidence.  *Id.* at 617, 327 S.E.2d at 579.  The court held that because there was "at least *some* evidence of record that appellees' home was totally destroyed, the trial court's charge based on [the statute] was proper." *Id.*, 327 S.E.2d at 579 (emphasis added).

The Plaintiff alleges many times in his deposition that his house was fully destroyed.  Although the photocopied pictures provided by the Defendant are not clear, some show that the Huckaby Road house is substantially damaged.  Further, the report created by the Northside Fire and Rescue following the fire at the Huckaby Road house states "due to the heat, smoke, and water damage residence was basically totally destroyed."  (Doc. 17-20).  There is no Georgia case law supporting the Defendant's contention that there can be no total loss so long as a remnant of the structure is standing.  Alternatively, both Georgia cases reasoned that an issue of fact exists if there is some evidence that the home is wholly destroyed, photographs or testimony that the home is substantially gutted, or evidence showing it would cost more to repair the house than to replace it.  The Plaintiff's deposition testimony and the Northside Fire and Rescue Report create a factual dispute as to whether the Huckaby Road house was "wholly destroyed." Therefore an issue of fact remains as to whether Georgia's Valued

Policy Statute is applicable. Accordingly, on the Defendant's claim that the statute is inapplicable as a matter of law, summary judgment is DENIED.

### D. The Plaintiff's Claim for Bad Faith Penalties Pursuant to O.C.G.A. § 33-4-6

In general, issues regarding bad faith penalties and attorney's fees pursuant to O.C.G.A. § 33-4-6 are resolved by the jury. *Forbus v. Allstate Insurance Co.*, 603 F.Supp.113, 116 (N.D. Ga. Dec. 21, 1984). Moreover, only when there is indisputable, sound evidence regarding the reasons for the nonpayment, or if the issue of liability is close, should the court grant summary judgment on the issue of bad faith penalties and attorney's fees. *See International Indemnity Co. v. Collins*, 258 Ga. 236, 238, 367 S.E.2d 786, 788 (1988). The insured bears the burden of proving the refusal to pay the claim was done in bad faith, and penalties for bad faith are not authorized where the insurance company has reasonable grounds to contest the claim. *Moon v. Mercury Insurance Co. of Ga.*, 253 Ga. App. 506, 507, 559 S.E.2d 532, 534-35 (2002).

Here, the Defendant has moved for summary judgment on the issue of bad faith contending, as a matter of law, that it had reasonable grounds to contest the fire loss claim on the Huckaby Road house. The Defendant bases its argument entirely on its conclusion that the Huckaby Road house was not the Plaintiff's residence premises because he did not live at the location at the time of the fire loss, but rather was renting the house to Robinson.[8] However, as discussed above, any fair reading of the Policy,

---

[8] It should be noted that the Plaintiff, as with the issue concerning his claim for additional living expenses, did not address this argument in his Response to the Defendant's Motion.

in light of applicable case law and all of the Policy's provisions,[9] leads to a conclusion that the Policy does not require the insured to live in the residence premises. If this were simply a matter of punctuation in the residence premises clause, perhaps the Defendant's argument would carry more weight. However, because the insurance contract specifically contemplates coverage when a residence premises is rented (in its Loss of Use-Fair Rental Value provision), the Court cannot conclude as a matter of law that there were reasonable grounds to contest the claim.[10] Further, "'the faith of the [Defendant] should not be judged by the preliminary proofs or other *ex parte* affidavits but by the case made at trial.'" *Forbus*, 603 F.Supp. at 116 (quoting *Interstate Life & Acc. Insurance Co. v. Williamson*, 220 Ga. 323, 325, 138 S.E.2d 668, 668 (1984)). Accordingly, the Defendant's claim that it is entitled to summary judgment on the Plaintiff's claim for bad faith attorney's fees pursuant to O.C.G.A. § 33-4-6 is DENIED.

### IV. CONCLUSION

For the foregoing reasons, the Motion (Doc. 17) is GRANTED in part and DENIED in part. First, as to the Defendant's contention that it is entitled to summary judgment because the Huckaby Road house was not the Plaintiff's residence premises, the Motion is DENIED. Second, with regard to the Defendant's contention that it is entitled to summary judgment because the Plaintiff did not incur any additional living expenses following the fire at the Huckaby Road house, the Motion is GRANTED. Third, as to the Defendant's contention that it is entitled to summary judgment because

---

[9] The Policy also *lacks* provisions discussed in the cases cited by the Defendant, such as provisions requiring the insured to *exclusively* live in the residence.

-16-

Georgia's Valued Policy Statute does not apply to the Plaintiff's loss, the Motion is DENIED.  Last, on the Defendant's claim that it is entitled to summary judgment because, as a matter of law, it had a good faith reason to deny the Plaintiff's claim, precluding the Plaintiff from recovering bad faith penalties and attorney's fees, the Motion is DENIED.

**SO ORDERED**, this the 14th day of October, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

bnw