IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **MARK HUCKABY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:10-CV-299(MTT) |
| | ) |
| **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,** | ) ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on Defendant Travelers Property Insurance Company's Motion to Strike. (Doc. 16). For the following reasons, the Motion is GRANTED.

### I. PROCEDURAL AND FACTUAL BACKGROUND

This action arises from a homeowners insurance policy issued by the Defendant, Travelers Property Insurance Company. The Plaintiff, Mark Huckaby, seeks coverage under the Policy for damages resulting from a fire occurring on July 15, 2009, at 479 Huckaby Road, Thomaston, Georgia. The Plaintiff filed his complaint on July 14, 2009, and on December 13, 2010, the Plaintiff's counsel disclosed Alan Whitmire as the Plaintiff's expert on the costs to repair and replace the Huckaby Road house. (Doc. 16-1 at 2). The Plaintiff's counsel only produced one page of handwritten notes to serve as Whitmire's expert report. (Doc. 16-1 at 2). The Defendant contends Whitmire's report fails to comply with Federal Rule of Civil Procedure 26(a)(2)(B). Thus, the Defendant

moves to strike the Plaintiff's designation of Alan Whitmire as an expert.  The Plaintiff did not respond to the Motion.

## II.  DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), an expert disclosure must contain: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."

If a party fails to make the required disclosures, it is not permitted to use that witness at trial "unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1).  In assessing whether a failure to disclose was substantially justified or harmless, courts generally examine four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice."  *Warner v. Ventures Health Care of Gainesville, Inc.*, 2001 WL 36098008, at * 1 (M.D.Fla. Aug. 1, 2001).

Here, the Plaintiff's expert disclosure is one page of handwritten notes summarizing the costs to demolish and replace the insured property located at 479 Huckaby Road, along with the signature "Alan Whitmire, Whitmire Engineering."  (Doc. 16-1 at 6).  The Defendant's counsel asserts that on January 18, 2011, when she took

the deposition testimony of the Plaintiff, his wife, and his father, she requested that the Plaintiff supplement the expert disclosure with the information required under Rule 26, and the Plaintiff's counsel agreed to submit the appropriate disclosures. (Doc. 16-1 at 3). When the Defendant's counsel did not receive the requested information, she wrote the Plaintiff's counsel a letter on March 1, 2011, in a good faith attempt to resolve the dispute without court action. (Doc. 16-1 at 4). The letter requested the Plaintiff's counsel withdraw the expert disclosure identifying Alan Whitmire as an expert on damages because of the Plaintiff's disclosure failed to conform to the requirements of Rule 26(a)(2). The Plaintiff's failure to supplement its initial expert disclosure of Whitmire or to withdraw Whitmire's designation as an expert resulted in the Defendant's Motion.

The Plaintiff's expert report does not comply Rule 26(a)(2). It does not include the data or information considered by Whitmire in forming his opinion, information regarding Whitmire's qualifications as an expert, a list of all other cases in which Whitmire has testified as an expert during the last four years, nor a statement of the compensation paid for his analysis and testimony in this case. Because the Plaintiff failed to make the required disclosures in the expert report, he cannot call Whitmire as an expert unless "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, the Plaintiff offers no justification for his failure to submit a proper expert report, let alone a *substantial* one, as required by Rule 37. The Defendant's counsel twice attempted to resolve this issue without filing a motion. Further, the Defendant is prejudiced by its inability to investigate the qualifications and background of Whitmire since virtually no information has been provided to the Defendant.

Accordingly, the Motion is **GRANTED** and the Plaintiff is not permitted to use the information provided by Alan Whitmire, nor Alan Whitmire himself, as evidence on a motion, at a hearing, or at trial.

**SO ORDERED,** this 18th day of October, 2011.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

bnw